**\*E-FILED 5/13/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NADER T. AGHA, | NO. C 07-1800 RS |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO SERVE SUMMONS AND COMPLAINT BY EMAIL OR FACSIMILE** |
| v. | |
| OLIVER JACOBS, et al, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Nader T. Agha seeks leave to serve the summons and complaint in this action by email or by facsimile on defendants located in the Federal Republic of Germany. This matter is suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1 (b). For the reasons discussed below, the motion is denied.

## II. BACKGROUND

Agha alleges he paid $75,000 to defendants Oliver Jacobs, Martin Padisak and I.E.S Technologies, Inc. for a portable desalination device, but that he never received the product. After filing suit in this court, Agha attempted to serve defendants by sending the complaint and summons by certified international mail to the post office box address in Germany listed on the I.E.S. website and used by Agha in prior communications with defendants. The United States Postal Service

1

reported that delivery failed. Agha subsequently sent the documents by email to addresses used by each of the defendants, by facsimile to two numbers used by defendants, and by international overnight carrier to defendants' place of business. Agha believes all of those means of delivery were successful, but defendants have not responded to the complaint.

## III DISCUSSION

Rule 4(f)(3) of the Federal Rules of Civil Procedure permits service of summons on an individual in a foreign country, "by other means not prohibited by international agreement, as the court orders." Under Rule 4 (h)(2), service of process on a foreign business entity may be made in the same manner as on individual defendants under Rule 4(f).

Under the plain language of Rule 4(f)(3), a plaintiff must show that the "other means" is not prohibited by international agreement and must obtain a court order to effectuate service in the desired fashion. *See Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). In addition, the method of service authorized by the Court must "comport with constitutional notions of due process." *Rio Properties*, 284 F.3d at 1016.

Here, Agha has shown that numerous courts have authorized service by email or facsimile to any number of foreign countries and under a variety of factual settings. *See e.g. Rio Properties*; *Nanya Tech. Corp. v. Fujitsu, Ltd*., 2007 WL 269087 (D.Guam, January 26, 2007) ; *Williams-Sonoma, Inc. v. Friendfinder, Inc*., 2007 WL 1140639 (N.D.Cal., April 17, 2007). Agha has also made a reasonable showing that service in the manner he proposes is fairly likely to give actual notice. Indeed Agha has shown defendants likely already have actual notice. *But see Rio Properties*, *supra*, 284 F. 3d at 1018 (cautioning courts to "balance the limitations of email service against its benefits in any particular case.")[1]

All of the cases to which Agha points, however, involve foreign countries that either were not members of Hague Convention, or if they were, had not exercised their rights under Article 10 of

---

[1] In *Rio* itself, plaintiffs had no other address for defendants than an email address. The same is not true here, leading to a very different "balance." *Rio* also involved service in a country that is not a member of the Hague Convention thereby eliminating the obligation the Rio plaintiff would have had to show that email service in the country was permissible under the convention.

2

that Convention to object to service through "postal channels."  In contrast, as Agha concedes, Germany is a member of the Hague Convention and has filed its objection under Article 10 to service through postal channels.

Agha's attempt to distinguish email and facsimile from the "postal channels" referred to in the text of Article 10 is unavailing.  There might be some circumstances under which such a distinction could be drawn, but there is no policy or other basis for doing so on the facts here.  Accordingly, Agha has failed to meet his burden of showing that the "other means" of service he proposes to utilize are permissible under an applicable "international agreement"–the Hague Convention.

Agha has available to him the method of accomplishing service in Germany under the auspices of the Hague Convention.  Although those provisions may be more cumbersome, he is directed to employ them in a timely fashion or to dismiss this complaint.

### III.. CONCLUSION

The motion for leave to serve summons and complaint by email or facsimile is denied.

IT IS SO ORDERED.

Dated: 5/13/08

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 07-1800 RS

3

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  Douglas Kent Dusenbury     ddusenbury@mtrylegal.com

3  Robert Edward Rosenthal     rrosenthal@mtrylegal.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

6  **Dated: 5/13/08**                                              **Richard W. Wieking, Clerk**

                                                                   **By:**      **Chambers**

ORDER
C 07-1800 RS

4